IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

COREY L. BRACKEN,                              Case No. 3:13-cv-00697-AA
                                                      OPINION AND ORDER
       Plaintiff,

  v.

McDONALD'S CORPORATION,

       Defendant.
_____

Corey Bracken
106 N.W. F Street, #77
Grants Pass, Oregon 97526
    Pro se plaintiff

Gregory P. Fry
Preg O'Donnell & Gillett
1000 S.W. Broadway, Suite 960
Portland, Oregon 97205

Eric P. Gillett
Preg O'Donnell & Gillet
1800 9th Avenue, Suite 1500
Seattle, Washington 98101

Anthony Marino Eleftheri
Stephanie Lynn Cassman
Lewis Wagner LLP
501 Indiana Avenue, Suite 200
Indianapolis, Indiana 46202
    Attorneys for defendant

Page 1 - OPINION AND ORDER

AIKEN, Chief Judge:

Defendant McDonald's Corporation moves to dismiss plaintiff Corey Bracken's complaint pursuant to Fed. R. Civ. P. 12(b)(6). In addition, Stephanie Lynn Cassman and Anthony Marino Eleftheri filed a motion to withdraw as attorneys for defendant because local counsel has entered an appearance and assumed representation in this matter. For the reasons set forth below, defendant's motions are granted and this case is dismissed.

## BACKGROUND

On July 4, 2012, plaintiff went to a McDonald's franchise in Salem, Oregon with his dog. While plaintiff was eating, a franchise employee approached plaintiff and requested that he provide certification from the State of Oregon indicating that the dog was a service animal. Plaintiff responded that the dog was indeed a service animal and, further, no state certification was required. Plaintiff then quoted from the Department of Human Services website, which specifies that it is illegal under the American with Disabilities Act ("ADA") to deny an individual public accommodation on the basis that an alleged service animal lacks documentation. The franchise employee explained that she was not asking plaintiff to leave the restaurant, only his dog, due to potential health code violations. The franchise employee ultimately apologized to plaintiff and offered to refund his money or prepare a fresh meal for him. Plaintiff refused these offers

and left the restaurant after recording this entire exchange via a camera on his laptop.[1]

On December 26, 2012, plaintiff filed a complaint in the U.S. District Court for the Southern District of Illinois, alleging that the events that transpired on July 4, 2012 violated his rights.[2] Plaintiff requests $5,750,000 in damages and revisions to defendant's policies concerning service animals, as well as the initiation of a non-profit service animal advocacy program. On April 25, 2013, plaintiff's case was transferred to this Court. On May 17, 2013, defendant moved to dismiss this action. On June 7, 2013, defendant filed a motion to withdraw its Indiana counsel.

## STANDARD OF REVIEW

Where the plaintiff "fails to state a claim upon which relief can be granted," the court must dismiss the action. Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, the complaint must allege "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). For purposes of a motion to dismiss, the complaint is liberally construed in favor of the plaintiff and its allegations

---

[1] Defendant is correct that plaintiff does not describe this incident in his pleadings; however, plaintiff attached the video recording to his complaint and cited to it therein, thereby incorporating it by reference. See generally Compl.

[2] Without specifically articulating the precise dates or circumstances, plaintiff's complaint also refers to several other instances within the last two years when he was allegedly denied access to a McDonald's franchise with his dog.

Page 3 - OPINION AND ORDER

are taken as true. <u>Rosen v. Walters</u>, 719 F.2d 1422, 1424 (9th Cir. 1983). However, bare assertions that amount to nothing more than a "formulaic recitation of the elements" of a claim "are conclusory and not entitled to be assumed true." <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 680-81 (2009). Rather, to state a plausible claim for relief, the complaint "must contain sufficient allegations of underlying facts" to support its legal conclusions. <u>Starr v. Bacca</u>, 652 F.3d 1202, 1216 (9th Cir. 2011), <u>cert. denied</u>, 132 S.Ct. 2101 (2012).

## DISCUSSION

Defendant contends that plaintiff's complaint fails at the pleadings level because "[i]t is not readily apparent what gives rise to this matter beyond the fact that Plaintiff seems to feel that McDonald's Corporation is responsible for his alleged mistreatment by others at unspecified restaurants, at unspecified times, in unspecified manners, none of which is alleged to have any connection to Defendant." Pl.'s Mem. in Supp. of Mot. Dismiss 2. While plaintiff filed a response to defendant's motion, he does not address defendant's arguments in favor of dismissal therein; instead, plaintiff revised his alleged monetary damages, reducing the relief sought from $5,750,000 to $2,100,000, and "requests that any appeal filed on behalf of the Defendant or any other filings be denied and to pursue this case to trial by jury if a tangible agreement is not met by 10/01/2013." Pl.'s Resp. to Mot. Dismiss

9.³

As an initial matter, the majority of defendant's arguments in favor of dismissal ignore the fact that plaintiff is proceeding pro se. See Def.'s Mem. in Supp. of Mot. Dismiss 2-4 (asserting that dismissal is proper because plaintiff's pleadings are not compliant with certain technical requirements and because "[n]o cause of action is articulated, no damages set forth"). Because pro se plaintiffs do not have the benefit of legal counsel, their pleadings are "held to less stringent standards" than those drafted by lawyers. Florer v. Congregation Pidyon Shevuyim, N.A., 639 F.3d 916, 923 n.4 (9th Cir. 2011), cert. denied, 132 S.Ct. 1000 (2012). Accordingly, dismissal of a pro se complaint is inappropriate where the allegations, when liberally construed, indicate a cognizable legal theory and put the defendant on notice of its allegedly wrongful actions.

Here, while difficult to decipher, plaintiff's pleadings nonetheless include sufficient allegations to determine the legal basis for this lawsuit and the general circumstances giving rise to it. Specifically, plaintiff is alleging that he was denied admission with a service animal to a public place in violation of the ADA and state law, which is a well-recognized cause of action. See, e.g., Lentini v. Cal. Ctr. for the Arts, Escondido, 370 F.3d

---

³ Because plaintiff did not numeralize his response brief, the Court refers to the page numbers assigned in the docket.

Page 5 - OPINION AND ORDER

837 (9th Cir. 2004).

Nevertheless, defendant is correct that plaintiff's complaint is deficient. Specifically, neither the complaint nor plaintiff's response brief recites the elements of a state or federal disability discrimination claim, or sets forth sufficient factual allegations in support of such a claim. Further, while plaintiff's complaint makes clear that all of the allegedly wrongful actions transpired at a McDonald's franchise, there are no allegations linking defendant to the franchisees' employees' conduct. See generally Compl.; Pl.'s Resp. to Mot. Dismiss. Without allegations evincing that defendant had a right to control the franchise locations in which the events took place, plaintiff is unable to establish the requisite agency relationship that would give rise to vicarious liability. See Viado v. Domino's Pizza, LLC, 230 Or.App. 531, 533-53, 217 P.3d 199, rev. denied, 347 Or. 608, 226 P.3d 43 (2010) (outlining the standard for determining whether a franchisor can be vicariously liable for the actions of franchisees' employees under Oregon law) (citations omitted); Link v. Rhodes, 315 Fed.Appx. 624, 625-26 (9th Cir.), cert. denied, 558 U.S. 847 (2009) (dismissing the plaintiff's action, including an ADA claim, "because neither the complaint nor the amended complaint alleges facts sufficient to create an agency relation").

Accordingly, plaintiff's complaint fails to state a claim upon which relief can be granted. Therefore, defendant's motion is

Page 6 - OPINION AND ORDER

granted.

## CONCLUSION

Defendant's motion to dismiss (doc. 29) is GRANTED. In addition, defendant's motion to withdraw counsel (doc. 34) is GRANTED. This case is DISMISSED without prejudice.

IT IS SO ORDERED.

Dated this 2nd day of July 2013.

_____
Ann Aiken
United States District Judge

Page 7 - OPINION AND ORDER